UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| BRETT ISON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:20-CV-158-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BERKSHIRE LIFE INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Brett Ison moved to remand this case to Letcher Circuit Court, arguing that the Court does not have jurisdiction. DE 7. Defendant Berkshire responded, and Ison replied. DE 10 & 12. Magistrate Judge Atkins reviewed the record and, finding that the amount in controversy does not exceed $75,000, recommended that the case be remanded. DE 13. Berkshire objects to the recommendation on two grounds, and Ison responded to the objections. DE 14 & 15. The Court reviews de novo the aspects of Judge Atkins's recommended disposition to which Berkshire objects, reserving the power to accept, reject, or modify that disposition. Fed. R. Civ. P. 72(b)(3).

The Court, also determining that Berkshire has not established the requisite matter in controversy, finds remand required and **GRANTS** DE 7.

**I.  Berkshire failed to establish the predicate amount in controversy.**

The case involves Ison's claim for benefits under an own-occupation disability insurance policy he purchased from Berkshire. The insurer paid on the policy for some time, but reduced benefits during 2019 and then terminated benefits in May of 2020. Ison sued for breach of contract in November of 2020, and Berkshire timely removed.

1

Berkshire argues that Judge Atkins erred by calculating the amount in controversy as of the day Ison filed his Complaint in state court, rather than as of the date of removal. DE 14 at 7. Judge Atkins depended, primarily, on three Sixth Circuit cases, *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415 (6th Cir. 1996), *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463 (6th Cir. 2019), and *Graves v. Std. Ins. Co.*, No. 18-5449, 2019 U.S. App. LEXIS 27526 (6th Cir. Sept. 11, 2019), to determine that, "for the purpose of determining the amount in controversy in removed actions where the validity of the policy is not at issue, the Court should look to the amount of unpaid benefits accrued at the time the case was filed in state court." DE 13 at 5.

When the validity of a disability insurance policy is in question, a court considers future potential benefits when determining whether the amount in controversy meets the jurisdictional threshold. "In contrast, 'future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions in Federal District Courts involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy.'" *Harmon*, 88 F.3d at 416–17 (quoting 11 A.L.R. Fed. 120, II.A § 4). *Harmon* called this analytical dichotomy "[t]he clear federal rule." 88 F.3d at 416. Here, the validity of Ison's disability policy is not in question, and thus only past unpaid benefits, not potential future benefits, count toward the amount in controversy. The question is, then, what is the temporal dividing line between past and future benefits?

The law in this Circuit is debatable. For example, Judge Atkins and Berkshire each cite *Heyman* to reach differing conclusions on this point. DE 13 at 4–5; DE 14 at 7–8. Looking to the case, the Court can see why. First, *Heyman* states that "[t]he question of jurisdiction is determined at the time of removal[.]" 781 F. App'x at 468 (internal quotation omitted). Then, in calculating

the amount of damages to be considered in assessing the figure, the Court references "the total disability payments Heyman should have received from September 2013—when Lincoln National began paying Heyman the reduced $122.29 monthly amount—through December 2015—*when Heyman filed his state court complaint*." *Id.* at 471 (emphasis added). The Sixth Circuit does not explain this apparent contradiction (though the timing did not, on the particular point, matter). Adding to the confusion, in the underlying district court case, the trial court adopted Lincoln National's calculated compensatory damages "at the time of removal" in determining that the amount in controversy was met. *Heyman v. Lincoln Nat'l Life Ins. Co.*, No. 3:16-CV-37-DJH-DW, 2017 WL 3274452, at *1 (W.D. Ky. Apr. 27, 2017), *aff'd*, 781 F. App'x 463 (6th Cir. 2019). The Circuit, while upholding the district court's decision, does not address this difference in calculation process.

A broader survey of diversity cases does little to alleviate the confusion. As Judge Atkins discusses, the Sixth Circuit in *Graves* calculated the amount in controversy as the plaintiff's "past due benefits total[ing] only about $6800 at the time she filed her complaint." 2019 U.S. App. LEXIS 27526, *9. The Circuit has articulated this timing rule in other cases as well. *See Holland v. Lowe's Home Centers, Inc.*, 198 F.3d 245 (6th Cir. 1999) ("The amount in controversy is examined at the time the complaint is filed to determine if the statutory limit has been satisfied."). In other instances, the Sixth Circuit has stated that courts should assay the amount in controversy at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("This circuit has recognized a rule that the determination of federal jurisdiction in a diversity case is made as of the time of removal."); *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 958 (6th Cir. 2017) (citing *Rogers*, 230 F.3d at 871) ("More fundamentally, diversity jurisdiction must exist at the time of removal.").

3

Looking more closely at the language of the cases, many focused on the time of removal contain language regarding the *complaint at the time of removal* or state that jurisdiction is *determined* at the time of removal. *See, e.g.*, *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) ("We look to the complaint at the time of removal . . . and determine whether the action was properly removed in the first place.") (internal citations omitted); *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015) ("Jurisdiction is evaluated at the time of removal."); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) ("Jurisdiction is determined at the time of removal"). This could signify that the Court takes the amount in controversy as it exists, per the record, at the time of removal. Alternatively, this language could mean that the Court conducts the analysis at the time of removal, when the case comes to federal court, but that the calculation should include only facts extant at the time of the complaint. This interpretation would explain the apparent contradiction in *Heyman*, where, as discussed above, the Circuit stated that jurisdiction is determined at the time of removal and calculated the amount in controversy in that case as of the plaintiff's filing of his state court complaint.

The topic normally is more academic than real. Here, though, Berkshire seeks to enlarge the matter in controversy based on the passage of time from filing to removal, a period that would accrue another month of disability obligation. Accepting this construct would cut against the clear rule laid out in *Harmon*,[1] which freezes the calculation at the benefits contested as of the claimant's

---

[1] Berkshire calls *Harmon*'s remarks dicta. Given how the District Court had ruled, and the dichotomy *Harmon* recognized (as the clear rule) and applied, the Court disagrees. Further, the Circuit has repeatedly incanted *Harmon* on this point, for instance, using it to remand in *Graves*. "[S]ince the validity of the insurance policy was not at issue, the amount of Graves' future disability benefits [defined as post-filing] cannot be included in determining the amount in controversy." *Graves*, 2019 U.S. App. LEXIS 27526 *9. The Court treats *Harmon* as establishing the rule it must follow.

filing date. Not accepting the argument bumps against the accepted practice that "satisfaction of the amount-in-controversy requirement generally is determined on the basis of the record at the time the notice of removal . . . is filed with the district court." 14C Fed. Prac. & Proc. Juris. § 3725.4 (Rev. 4th ed.).

The Court's inclination is to hew to the *Harmon* rule, which segregates disability contracts based on the nature of what the complaint itself places in issue, a scope not directly impacted by the intervening passage of time in the litigation of the case. However, the Court need not solve that knot here. Benefits through filing and benefits through removal each fall below the § 1332 threshold. Berkshire prevails only if the Court includes collateral figures in the controversy metric.

Although Judge Atkins agreed that collateral life-policy premiums (the value of what Ison paid during the benefits cessation) should be included as part of the matter in controversy, the Court disagrees.[2] The lone contract at issue in this case is the disability policy identified as "the Policy" at Complaint ¶ 7 (DE 1-1). Ison may have other, distinct policies with Berkshire that this litigation could collaterally impact, but the Complaint makes no claim under such policies. Indeed, Ison sues only under the Policy, and he seeks "payment of full disability benefits available to Plaintiff under the disability Policy." Id. ¶ 34; 43 (citing as damages "the amount of benefits due under the contract"). He makes no reference to or mention of suing for benefits under other policies. As Judge Thapar determined, in this District:

> When determining the amount in controversy, courts only look to the complaint at the time of removal. *See* 28 U.S.C. § 1332(a). The damages sought in other cases, even between the same parties, are irrelevant to the amount in controversy.

*Walker v. ProNational Ins. Co.*, No. CIV. 12-100-ART, 2012 WL 6060368, at *1 (E.D. Ky. Dec. 5, 2012). That the parties have other relationships potentially impacted by this litigation does not

---

[2] Of course, the Court "may accept, reject, or modify the recommended disposition." Rule 72(b)(3).

include those topics within the determinative scope of this case, which hinges only on the Complaint and Policy itself. *See Babcock Power, Inc. v. Kapsalis*, No. 19-5494, 2021 WL 1149690, at *4 (6th Cir. Mar. 25, 2021) (quoting *Staves Mfg. Corp. v. Robertson*, 128 S.W.2d 745, 751 (Ky. 1939)) ("In a breach-of-contract action, a plaintiff may recover only those damages which arise naturally from the breach itself or those which 'may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract.'").

The other premiums, a feature or benefit of distinct contracts, would not be a damage element contemplated by the Policy. As stated above, Kentucky law includes as contract breach damages those flowing naturally from the breach itself. *See id.*; *Hogan v. Long*, 922 S.W.2d 368, 371 (Ky. 1995) ("The measure of damages for breach of contract is that sum which will put the injured party into the same position he would have been in had the contract been performed.") (internal quotation omitted). Other policies that might, collaterally, react to the onset or termination of disability are not a part of the contract here being adjudicated. Unlike losses that could be the subject of formal relief under the Complaint, the Court will not treat the ripple effect of contract litigation, the collateral losses or gains that incidentally attend the events or conclusion of a cause of action, as within the amount in controversy for that litigation. Because this case does not include any allegations about, or claim regarding, the distinct life policies, the Court, cautiously policing its jurisdiction, does not treat their interplay as enlarging or impacting the amount in controversy.

Simply put, whether measured on the filing date or the removal date, Berkshire undershoots the § 1332(a) mark.

Berkshire's other contentions likewise fail. Berkshire asserts that the Court should consider future benefits in the amount in controversy analysis, arguing that the monthly disability benefits here are analogous to lost wages, which accrue during the pendency of a case and are sometimes

6

considered in the amount in controversy analysis. *Id.* at 13–15. Berkshire also argues that Plaintiff Ison's use of the word "enjoin" in the Complaint creates a request for injunctive relief, thus bringing the value of future benefits into the purview of the amount in controversy analysis.

Whatever complaints Berkshire may have about *Harmon* and its operation is a matter for the Circuit. The Court here will apply the rule recognized and followed by the Court of Appeals. Further, the very nature of that rule shows that an injunction would not be proper either as a form of relief or a measure of the amount in controversy. The point of the *Harmon* rule is that the right to installment benefits accrues chronologically and a claim for past benefits ripens only as the time actually passes. An injunction would purport to adjudicate rights not ripe on facts not yet occurring. The Complaint does not truly seek an injunction, and the Court rejects equitable relief as a measure of the scope of this case.

## II.     Conclusion

The burden rests on the removing party to demonstrate the amount in controversy requirement by a preponderance of the evidence. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). Where uncertainty clouds the propriety of removal, federal courts, being of limited jurisdiction, must strictly construe the removal statutes and resolve all doubts about jurisdiction in favor of remand. *See, e.g.*, *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Per the applicable preponderance standard, the "removing defendant must show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." *Rogers*, 230 F.3d at 871 (citation omitted).

Here, the law is ambiguous as to whether the proper amount in controversy is the $66,616.67 in unpaid disability benefits at the time Ison filed his state court complaint (DE 7-1 at

2–3), or the $73,150 in unpaid disability benefits at the time Berkshire filed its Notice of Removal (DE 7-1 at 7). In either event, the amount in controversy is insufficient to establish federal diversity jurisdiction. Berkshire has not proven, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000 threshold under 28 U.S.C. § 1332(a)(1). Thus, for the foregoing reasons, the Court **ORDERS** as follows:

1. On the terms stated, the Court **ADOPTS IN PART** DE 13, with referenced modifications;

2. The Court **OVERRULES** DE 14; and

3. The Court **GRANTS** DE 7 and **REMANDS** the case to Letcher Circuit Court.

   This the 8th day of June, 2021.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge